IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WESLEY ROBINSON, ID # 394824, Petitioner, vs. DOUGLAS DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | ) ) ) ) ) ) ) ) ) ) | No. 3:03-CV-1898-N |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties**: Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C. Procedural History:** On March 21, 1985, a jury convicted petitioner of aggravated sexual assault of a child, and he received a life sentence. (Pet. Writ of Habeas Corpus (Pet.) at 2.) On January 26, 1986, the court of appeals affirmed the conviction on direct appeal. (*Id.* ¶ 9.) Petitioner filed no petition for discretionary review. (*Id.*) On August 1, 2001, petitioner filed a motion with the trial court for DNA testing. (*See* Mem. Supp. at 2.) On February 18, 2002, the trial

court denied that motion. (*See* Order Denying Robinson's Mot. for Post-Conviction DNA Testing, attached to Answers to Magistrate Judge's Questionnaire (MJQ).)

On December 13, 2002, the court of appeals affirmed the denial of petitioner's motion for DNA testing. *See Robinson v. State*, No. 05-02-00516-CR, 2002 WL 31780847, at *1-2 (Tex. App. – Dallas Dec. 13, 2002). "On or about December 30, 2002," petitioner filed a state application for writ of habeas corpus related to the denial of his motion for DNA testing. (*See* Mem. Supp. at 2.) On June 26, 2003, the Texas Court of Criminal Appeals denied that application. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=216771 (accessed Apr. 11, 2005).

Petitioner filed the instant petition on August 14, 2003, when he placed it in the prison mail system. (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He asserts that he has newly discovered evidence from Southwestern Institute of Forensic Sciences (SWIFS) related to his innocence. (Pet. at 7.) He specifically asserts that he has discovered evidence from SWIFS which shows the discovery of no seminal fluid or spermatozoa from a rape examination of the complainant. (Mem. Supp. at 3.) He further asserts that a pubic hair combing revealed the presence of no foreign hairs. (*Id.*) He states: "There is no way that a man could penetrate a 13 year old child's vagina without leaving trace of evidence of that penetrated act, almost impossible, just no way. I am innocen[t]." (*See* Answer to Question 1 of MJQ.)

Petitioner further claims that the prosecution failed to disclose the evidence from SWIFS, although they had access to such evidence prior to trial. (Pet. at 7; Answer to Question 2 of MJQ.)

2

In addition, he claims that he was denied the effective assistance of counsel when his attorney told him that he did not need family members to be present at trial; counsel failed to present the SWIFS evidence; counsel selected a jury without his presence; and counsel did not adequately consult with petitioner in preparation for trial. (Pet. at 8.) He also claims that the jury was unconstitutionally selected outside of his presence. (*Id.* at 7.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right

3

under subparagraph (C)). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

### A. Finality of Conviction

In this case, petitioner appealed his conviction but filed no petition for discretionary review (PDR). (*See* Pet. at 3.) The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* thirty days after the appellate court affirmed the conviction on January 23, 1986. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). Petitioner's judgment of conviction thus became final in February 1986.

### B. One-year Grace Period

When a conviction becomes final before the April 24, 1996 enactment of the AEDPA, the petitioner has one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Thus, no time may be count-

ed against an inmate prior to April 24, 1996, the date the AEDPA was signed into law. Petitioner is entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

### C. Factual Predicate

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's grace period expired on April 24, 1997. At or before trial, petitioner would have known, or should have known through the exercise of due diligence, the factual predicate of his claims of ineffective assistance of trial counsel and his claim that his jury was unconstitutionally selected outside his presence. With respect to his claims of newly discovered evidence of actual innocence and prosecutorial suppression of evidence, petitioner appears to assert that he did not know of such evidence until his attorney mailed him the trial court's denial of his motion for DNA testing on February 25, 2002. (*See* Answer to Question 3 of MJQ.) While is not clear precisely when petitioner learned of the allegedly suppressed evidence related to his innocence, through the exercise of due diligence, he undoubtedly should have known the facts supporting such claims by the date his grace period expired on April 24, 1997, more than twelve years after he was convicted.

Because petitioner filed his petition more than one year after his grace period expired in April 1997, a literal application of § 2244(d)(1) renders petitioner's August 14, 2003 filing untimely.

### III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."

5

28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also*, *Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition on or about December 30, 2002, the statutory tolling period had already expired. Accordingly, the statutory tolling provision does not save the federal petition filed August 14, 2003. Further, nothing in the petition or other filings in this case indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). Although petitioner claims to be actually innocent of the crime for which he has been convicted, (*see* Mem. Supp. at 1; Answer to Question 1 of MJQ), a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000).

In addition, petitioner has not shown himself to be actually innocent of aggravated sexual assault. The assertion of such claim encumbers petitioners with a heavy burden:

> To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001). Petitioner believes that the allegedly withheld evidence from SWIFS demonstrates his actual innocence. (*See* Answer to

Question 1 of MJQ.)  The report from SWIFS, however, merely shows that no "foreign hairs were found" in pubic hair combings of the complainant.  (*See* SWIFS Report, attached to Answers to MJQ.)  The SWIFS report does not support a claim of actual innocence.  One may be guilty of aggravated sexual assault whether or not a pubic hair combing reveals a hair from the alleged assailant.  In addition, although the trial court noted that results from rape testing revealed no seminal fluid or spermatozoa, (*see* Order Denying Robinson's Mot. for Post-Conviction DNA Testing), such revelation does support a claim of actual innocence.  An individual may be guilty of sexual assault whether or not he leaves seminal fluid or spermatozoa behind.  The Court does not find that the allegedly withheld evidence satisfies the heavy burden that petitioner carries with respect to a claim of actual innocence.

Because neither statutory nor equitable tolling save petitioner's August 14, 2003 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 18th day of April, 2005.**

                                                                                      _____
                                                                                      IRMA CARRILLO RAMIREZ
                                                                                      UNITED STATES MAGISTRATE JUDGE

7

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE